# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA ECKERT MURRAY, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| IBEW LOCAL UNION NO. 98 | : | NO. 10-3852 |
| PENSION PLAN, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

BUCKWALTER, S. J.                                                                 May 17, 2011

      Currently pending before the Court is the Motion of Defendant IBEW Local Union No. 98 Pension Plan to Strike Exhibits and Allegations from Plaintiff's Response to Defendant's Motion for Summary Judgment. For the following reasons, the Motion is granted.

## I. BACKGROUND

      The present case involves the claim of Plaintiff Barbara Eckert Murray, as the alleged surviving common law wife of Michael Murray, deceased, for a joint and survivor annuity from Defendant IBEW Local Union No. 98 Pension Plan (the "Plan"). Defendant denied benefits to Plaintiff on the ground that she had failed to sufficiently establish a common law marriage prior to January 1, 2005 (the day common law marriage was repealed in Pennsylvania), and Plaintiff, in turn, filed suit for benefits under Section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1055. On March 17, 2011, Defendant moved for summary judgment on the entirety of the Complaint, to which Plaintiff responded on March 28, 2011.

      Following Plaintiff's filing of her Response, Defendant filed the present Motion to Strike

Exhibits and Allegations from that Response. Defendant argues that Exhibits B, C, D, J, and K and paragraphs 1-8 and 9-10 of the Affidavit of Barbara Eckert Murray, all of which were attached to Plaintiff's Response, were not presented during the Plaintiff's administrative appeal of Defendant's claims decision to the Trustee of the Plan. Plaintiff responded to the Motion on April 16, 2011 and Defendant filed a Reply Brief on April 25, 2011.[1]

**II.  DISCUSSION**

It is well-established that on a motion for summary judgment in an ERISA case where the plaintiff claims that benefits were improperly denied, a reviewing court is generally limited to the facts known to the plan administrator at the time the decision was made. Kosiba v. Merck & Co., 384 F.3d 58, 67 n.5 (3d Cir. 2004). "Consequently, when, as here, a plaintiff alleges that a plan administrator, such as [IBEW], abused its discretion in deciding to terminate benefits, [the Court] generally limit[s] [its] review to the administrative record, that is, to the 'evidence that was before the administrator when [it] made the decision being reviewed.'" Sivalingam v. Unum Provident Corp., 735 F. Supp. 2d 189, 194 (E.D. Pa. 2010) (quoting Mitchell v. Eastman Kodak Co., 113 F.3d 433, 440 (3d Cir. 1997)); see also Johnson v. UMWA Health & Ret. Funds, 125 Fed. Appx. 400, 405 (3d Cir. 2005) ("This Court has made clear that the record for arbitrary and capricious review of ERISA benefits denial is the record made before the Plan administrator, which cannot be supplemented during the litigation.").[2]

---

[1] Although Plaintiff was given leave to file a sur-reply brief, Plaintiff's counsel informed the Court, by way of letter dated May 11, 2011, that no such brief would be forthcoming.

[2] An exception to this rule exists where a plaintiff alleges bias or conflict of interest that affected the decision. Under such circumstances, the reviewing court may consider evidence of potential biases and conflicts of interest that are not found in the administrator's record. Hawley v. Mellon Fin. Corp., 625 F.3d 788, 793-94 (3d Cir. 2010). In this case, Plaintiff makes no such

Defendant, in this case, asserts that several of the exhibits attached to Plaintiff's Response to Defendant's Motion for Summary Judgment, filed on March 28, 2011, were not provided to Defendant prior to December 3, 2009 – the date that the Defendant advised Plaintiff that her administrative appeal had been denied. Specifically, Defendant identifies the following problematic documents:

1. A lease dated 12/1/90, attached to Plaintiff's Response as Exhibit B;

2. Mr. Murray's 1996 and 1997 federal 1040 tax returns, and Mr. Murray's 1997 Pennsylvania 40EZ tax return, attached to Plaintiff's Response as Exhibit C;

3. Statements from the Philadelphia Telco Credit Union, PNC Bank, and TruMark Financial, attached to Plaintiff's Response as Exhibit D;

4. A Notice of Award dated April 18, 2010, and Potential Private Pension Benefit Information from the Social Security Administration, with letter from the Fund dated May 24, 2010, attached to Plaintiff's Response as Exhibit J;

5. United Labor Life Insurance Company Proof of Death form dated January 2, 2007, attached to Plaintiff's Response as Exhibit K.

In addition, Defendant notes that these same documents are referenced in paragraphs 2, 4, 6, and 9 of the Affidavit of Barbara Eckert Murray, attached to Plaintiff's Response as Exhibit A. Further, it claims that the Affidavit alleges facts in paragraphs 1-7 and 9-10, which were not provided to the Trustees before they ruled on the administrative appeal. Finally, statements 2-5 and 11-12 of Plaintiff's "Statement of Disputed Facts," constituting Part A of Plaintiff's

---

claim of bias or conflict of interest.
     In addition, an exception to this general rule is "appropriate where evidence outside the administrative record is related to interpreting the plan or explaining medical terms and procedures relating to the claim." Schlegal v. Life Ins. Co. of N. Am., 269 F. Supp. 2d 612, 618 (E.D. Pa. 2000) (quoting O'Sullivan v. Metro. Life Ins. Co., 114 F. Supp. 2d 303, 310 (D.N.J. 2000)). As the present case does not involve any medical evidence or question as to the meaning of the Plan, this exception is inapplicable.

3

Response, refers to the same alleged facts and/or documents that were purportedly not provided to the Trustees during the administrative appeal. Defendant now asserts that by attaching the Exhibits and making the allegations listed above, Plaintiff is attempting to improperly supplement the litigation record with materials that were not available to the Plan Trustees when they made their decision.

Plaintiff responds that "[a]ll of the respective exhibits that were submitted in Plaintiff's Reply to Defendant's Motion for Summary Judgment were available for the defendant trustees in their review process." (Pl.'s Praecipe to Strike Def.'s Mot. 1.) In support of this proposition, however, Plaintiff provides only her affidavit, which fails to fully substantiate her contention. Originally, she states that "all of the documents attached as exhibits to our Reply Motion for Summary Judgment were provided to defendant during the review and appeal process." (Id. at Ex. A, Affidavit of Barbara Eckert Murray ("Murray Aff."), ¶ 4, Apr. 6, 2011.) Notably, though, the Affidavit goes on to clarify that, "[she] provided these same documents to Lewis A. Walder [her attorney during the administrative process] and they were submitted to defendant for review." (Id. ¶ 5.) Again, later in the Affidavit, she avers that all of the documentation she could amass regarding her common law marriage to Michael Murray "was provided to my initial attorney who in turn provided it to the defendant." (Id. ¶ 12.) At no point does Plaintiff suggest that she herself provided these documents to Defendant, that she has personal knowledge of her attorney sending this evidence to Defendant, or that she has documentary proof that this evidence was sent to Defendant.

In contrast, Defendant produces all of the submissions from Lewis Walder, Esq. Each of those submissions was accompanied by a cover letter itemizing the items he submitted. Those

letters stated, in pertinent part, as follows:

- Letter of March 15, 2007: "As you know, Mr. Murray referred to my client as his 'common law spouse' as beneficiary for his pension plan, and he also named her as beneficiary on his life insurance policies as his 'common law wife'. She was paid life insurance proceeds from two policies issued through the Union. . . . I enclose a copy of the Last Will and Testament of Michael Murray in which he refers to Barbara Eckert as his spouse in Paragraph Article III of the Will dated May 18, 2005. . . . Enclosed are birth certificates of the deceased as well as the surviving spouse. . . . There are many witnesses, including former neighbors and family members who view them as husband and wife having heard them frequently use reference to each other as husband and wife. She wore a wedding band and they have continuously resided with each other for more than 15 years." (Def.'s Mot. Summ. J., Ex. E.)

- Letter of April 4, 2007: "The deceased and my client, Barbara Eckert, did not file joint Federal Income Tax Returns, but she did claim him as a dependent on her tax return. Copy enclosed. The deceased developed Hodgkins Disease back in 1991 and they chose to use separate names so that she would not be exposed to payment of his medical bills. . . . The filing of a spousal or non-spousal tax return is not conclusive evidence of the existence or non-existence of a common law marriage under Pennsylvania law. . . . I enclose a copy of a 'Love' card from the deceased that was signed by him that says 'We live together as one'. A multitude of neighbors and family members are witnesses concerning their reputation as husband and wife. Ms. Eckert wore a wedding band. . . . I enclose a copy of a Complaint which will be filed with the Court of Common Pleas of Philadelphia County in the event benefits from the Pension Fund are not forthcoming by the end of this month." (Def.'s Mot. Summ. J., Ex. G.)

- Letter of July 16, 2007: "Enclosed please find an executed Survivor's Pension Application for processing, as well as the following documents evidencing a Common Law Marriage: (1) Employee's Birth Certificate[;] (2) Birth Certificate of Barbara Eckert-Murray[;] (3) Last Will and Testament of Michael Murray dated May 18, 2005 identifying Barbara Eckert as his wife[;] (4) Death Certificate identifying the decedent as 'married' and surviving spouse Barbara Monteforte (which is the maiden name of Barbara Eckert-Murray)[;] (5) Beneficiary Designation Form for Death Benefits dated May 13, 2005 and signed by the decedent identifying the beneficiary Barbara Eckert as his Wife[;] (6) Copy of the Union Labor Life Insurance Company policy issued to International Brotherhood of Electrical Work Local Union No. 98 in which the decedent registered Barbara A. Eckert as his Wife[;] (7) Correspondence dated July 15, 2005 from 'Trust for

the International Brotherhood of Electrical Worker's Pension Benefit Fund'[3] acknowledging the decedent's primary beneficiary to be his Common Law Spouse[;] (8) Acknowledgment dated January 22, 2007 from the 'Trust for the International Brotherhood of Electrical Workers' Pension Benefit Fund' paying Barbara Eckert as beneficiary of a death claim." (Def's Mot. Summ. J., Ex. K.)

- Letter of August 9, 2007: "Barbara Eckert-Murray hereby Appeals the August 1, 2007 denial of Benefits." (Def.'s Mot. Summ. J., Ex. M.)

- Letter of July 1, 2009: "The August 1, 2007 denial of benefits was appealed and in support of the appeal I enclose the documents submitted under cover letter dated July 16, 2007 (copies enclosed). I respectfully request that the Board of Trustees review these documents and render a decision within 60 days. Thank you." (Def.'s Mot. Summ. J., Ex. N.)

Glaringly absent from these letters is any mention of any of the challenged documents submitted in connection with Plaintiff's Response to the Motion for Summary Judgment.

While all reasonable factual inferences must be drawn in Plaintiff's favor, the law is clear that "conclusory allegations in Plaintiff's affidavits, without more, in the face of such documentary evidence, are insufficient to create a genuine issue of material fact." Dantzler v. Beard, No. CIV.A.05-1727, 2007 WL 5018184, at *8 n.15 (W.D. Pa. Dec. 6, 2007) (citing Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990) (the non-moving party may not defeat a properly supported summary judgment motion by simply substituting the "conclusory allegations of the complaint with conclusory allegations of an affidavit")), report and recommendation adopted by 2008 WL 744740 (W.D. Pa. Mar. 18, 2008); see also Iseley v. Beard, No. CIV.A.02-2006, 2009 WL 1675731, at *11 (M.D. Pa. June 15, 2009) ("Conclusory, speculative allegations

---

[3] Notably, as averred by Defendant's representative Debra Gerber, the International Brotherhood of Electrical Workers Pension Benefit Fund is a National Plan and is not part of the Plan that is the Defendant in this action. The Plan at issue here need not defer to any other benefit plan or insurance company's decision when making an eligibility determination under the Plan documents. (Def.'s Mot. Summ. J., Aff. of Debra Gerber, ¶ 18, Mar. 16, 2011 ("Gerber Aff.").)

in plaintiff's affidavits and moving papers, without more, in the face of documentary evidence, is insufficient to create a genuine issue of fact and defeat summary judgment."); Thimons v. PNC Bank, N.A., No. CIV.A.04-1770, 2006 WL 2089953, at *4 (W.D. Pa. July 17, 2006) ("Notably, plaintiff's affidavit is without any corroboration, whether by documentary evidence or witness testimony. Admittedly, many of the issues addressed in the affidavit are not particularly conducive to independent corroboration . . . . Even so, that is not to say that corroboration is not possible, or that, at this stage in the litigation, plaintiff's conclusory affidavit statements are sufficient evidence to defeat summary judgment."), aff'd, 254 Fed. Appx. 896 (3d Cir. 2007); Vetri v. Thompson Consumer Elecs., Local No. 178, No. CIV.A.02-645, 2004 WL 1490522, at *6 (M.D. Pa. May 18, 2004) (noting that plaintiff's "naked assertion" of facts contrary to the documentary evidence is not sufficient to warrant a jury trial); Matter of Bevill, Bresler & Schulman, Inc., 94 B.R. 817, 822 (D.N.J. 1989) ("While on summary judgment [non-moving party] is entitled to all reasonable inferences from the facts it alleges, [affidavit's] allegations here have been contradicted by documentary evidence and therefore cannot be accepted as true.").

Moreover, even if conclusory allegations could operate to defeat summary judgment, the party producing them must establish that such evidence is competent. Hurd v. Williams, 755 F.2d 306, 308 (3d Cir. 1985) ("[A]n opposing affidavit must set forth such facts as would be admissible in evidence and must show that affiant is competent to testify to the matters stated therein."); Williams v. Borough of West Chester, 891 F.2d 458, 467 (3d Cir. 1989) (Garth, J., concurring) ("To defeat a motion for summary judgment, *competent* evidence must be produced . . ." (emphasis in original)). Federal Rule of Evidence 602 makes clear that "[a] witness may not

testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FED. R. EVID. 602; see also Summy-Long v. Pa. State Univ., No. CIV.A.06-1117, 2009 WL 811616, at *7 (M.D. Pa. Mar. 26, 2009) ("Statements of belief, no matter how sincere, are properly subject to a motion to strike because they do not meet the personal knowledge requirement."). In other words, absent personal knowledge, lay witness testimony is not admissible.

In this case, Plaintiff's affidavit suffers from both of these defects. First, Plaintiff has failed to provide any documentary evidence – in the form of letters, faxes, e-mails, etc. – to establish that the challenged documents were, in fact, sent to Defendant. Nor has Plaintiff supplied an affidavit from Mr. Walder indicating that he actually provided Defendant with the challenged documents. Rather, Plaintiff relies solely on her own affidavit to aver that she gave the documents to her attorney, who in turn submitted them to Defendant. Such conclusory allegations simply cannot undermine the contradictory documentary evidence. Moreover, even if Plaintiff's affidavit could create a genuine issue of material fact, it is not competent evidence admissible at trial since, as noted above, Plaintiff has no personal knowledge of what Mr. Walder actually did or did not do with the documents she gave him. Because her allegations would not be admissible evidence, they cannot be used to defeat summary judgment or, in this case, the Motion to Strike. Taking all reasonable inferences in favor of Plaintiff, the Court simply has no sound basis on which to rest a finding that the challenged documents were given to Defendant prior to the December 2, 2009 decision by the Defendant's Board of Trustees.

In sum, while the Court has no reason to distrust Plaintiff's statement that she gave the challenged documents to her counsel for purposes of submitting them to Defendant, such a

statement alone does not, particularly in the face of the ample documentary evidence offered by Defendant, create a genuine issue of material fact sufficient to defeat either the Motion to Strike or the Motion for Summary Judgment. Accordingly, the Court strikes from Plaintiff's Response to Defendant's Motion for Summary Judgment the following documents/allegations: Exhibits B, C, D, J, and K, as well as paragraphs 1, 2, 3, 4, 5, 6, and 9 of Exhibit A (Plaintiff's affidavit).[4]

---

[4] Defendant moves to strike paragraph 7 of Plaintiff's affidavit. This fact, however, was mentioned in Mr. Walder's April 4, 2007 letter to Defendant. In addition, the Court sees no need to strike any argument or statements in Plaintiff's responsive briefing since such arguments alone cannot be used to defeat summary judgment.